UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ROBERT MCGRATH, on behalf of
himself and those similarly situated,

    Plaintiff,                                                Case No.

vs.

ROGAR MANAGEMENT & CONSULTING
OF FLORIDA LLC, a Florid Limited Liability
Company, and JAVIER RODRIGUEZ,
Individually,

    Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, ROBERT MCGRATH, ("Plaintiff"), on behalf of himself and those similarly situated, by and through undersigned counsel, files this Complaint against Defendants, ROGAR MANAGEMENT & CONSULTING OF FLORIDA LLC, and XAVIER RODRIGUEZ, (collectively, "Defendants") and states as follows:

**INTRODUCTION**

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was a non-exempt employee for Defendants, and was paid straight time for all hours worked.

4. Throughout his employment, Defendant deprived Plaintiff of proper overtime compensation for his hours worked in excess for forty (40) hours each week.

## JURISDICTION

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq*.

## PARTIES

6. At all times material hereto, Plaintiff was a resident of Volusia County, Florida.

7. At all times material hereto, ROGAR was a Florida Limited Liability Company.

8. At all times material hereto, ROGAR owned and operated a General Contractor, Highway and Street Construction business in the State of Florida

9. At all times ROGAR maintained its principle place of business at 12011 SW 129th Court, Unit 5, Miami, Florida 33186.

10. At all times material hereto, RODRIGUEZ owned and operated ROGAR.

11. At all times material hereto, RODRIGUEZ managed and operated ROGAR on a day to day basis.

12. At all times material hereto, RODRIGUEZ regularly exercised the authority to hire and fire employees of ROGAR.

13. At all times material hereto, RODRIGUEZ determined the work schedules for the employees of ROGAR.

14. At all times material hereto, RODRIGUEZ controlled the finances and operations of ROGAR.

15. At all times material hereto, RODRIGUEZ was engaged in business in the State of Florida.

16. At all times material hereto, RODRIGUEZ was, and continues to be, an individual resident of the State of Florida.

**FLSA COVERAGE**

17. At all times material hereto, Plaintiff regularly performed duties for Defendants within the State of Florida and within this judicial district.

18. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

19. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

20. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA because they regularly constructed, maintained and/or repaired instrumentalities of commerce, interstate highways.

21. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

22. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

23. At all times material hereto, Defendants had two (2) or more employees handling, or otherwise working on goods or materials that had been moved in or produced for commerce, including industrial machines, automobiles, gas, construction materials and other materials necessary and integral to Defendants' business operations.

24. Based upon information and belief, the annual gross revenue of ROGAR was in

excess of $500,000.00 per annum during the relevant time periods.

25. At all times material hereto, ROGAR was an "employer" within the meaning of FLSA.

26. Based upon information and belief, the annual gross revenue of RODRIGUEZ was in excess of $500,000.00 per annum during the relevant time periods.

27. At all times material hereto, RODRIGUEZ was an "employer" within the meaning of FLSA.

28. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

29. At all times material hereto, Defendants controlled the manner in which Plaintiff's work was performed. To that end, Defendants assigned Plaintiff his specific assignments and dictated the specific manner in which he was required to do his work.

30. Plaintiff was paid a set hourly rate in an amount set by Defendants.

31. Plaintiff had little or no investment in the materials required to complete his work for Defendants.

32. Plaintiff did not employ helpers and lacked the authority to hire/fire anyone to perform the work that he was hired to do.

33. The work performed by Plaintiff for Defendants required no special skill.

## STATEMENT OF FACTS

34. On or about November 18, 2017, Defendants hired Plaintiff to work as a non-exempt laborer/machine operator.

35. At all times material hereto, Plaintiff worked for Defendants setting up maintenance of traffic, operating a street sweeper, installing trench drains, and performing other

road construction work.

36. From at least November 18, 2017 and continuing through August 2018, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

37. Plaintiff should be compensated at the rate of one and one-half times his regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

38. Defendants have violated Title 29 U.S.C. §207 from at least November 18, 2017 and continuing through August 2018, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA.

    c. Defendants failed to maintain proper time records as mandated by the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

39. Plaintiff and the class members were all "laborer/machine operators" and performed the same or similar job duties as one another in that they set up maintenance of traffic, operated street sweepers, installed trench drains, and performed other road construction work.

40. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were all classified as exempt from overtime and paid straight time for all hours worked.

41. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

42. Defendants' failure to properly compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that "laborer/machine operators" are/were paid for overtime hours worked based on the Defendants' erroneous misclassification of its "laborer/machine operators" employees as exempt from overtime.

43. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All "laborer/machine operators" who worked for Defendants within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

44. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the class members.

45. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

46. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

47. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

48. Defendants have failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## COUNT I
### VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

49. Plaintiff realleges and incorporates paragraphs 1 through 48 as if fully set forth herein.

50. From at least November 18, 2017 and continuing through August 2018, Plaintiff worked in excess of forty (40) hours per work week.

51. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each workweek

52. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times hiss regular rate of pay for those hours worked in excess of forty (40) hours.

53. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

54. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of

one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

55. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

56. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

57. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

    b. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

    c. Awarding Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    d. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

      f.      Awarding Plaintiff pre-judgment and/or post-judgment interest;

      g.      Ordering any other further relief the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED: May 17, 2019.                                       Respectfully submitted,

                                                                           */s/ Andrew R. Frisch*
                                                                           ANDREW R. FRISCH
                                                                           MORGAN & MORGAN, P.A.
                                                                           600 N. Pine Island Road, Suite 400
                                                                           Plantation, FL 33324
                                                                           T: (954) WORKERS;  F: (954) 3273013
                                                                            E-mail: AFrisch@forthepeople.com

                                                                           *Trial Counsel for Plaintiff*